Dear Mayor McGlothin:
We received your request for an opinion regarding the use of public funds to assist with the opening of a YMCA in the Town of Ferriday. You specifically ask if the Town may pay the salary of the YMCA Director and allow its employees to dedicate "on the clock time" to the YMCA. You also ask if the YMCA may use the Town's City Hall facility for its offices.
Because your request questions the use of public funds, it must be addressed in light of Article 7, Section 14 of Louisiana Constitution of 1974 which prohibits the state or any of its political subdivisions from loaning, pledging, or donating funds, property or things of value to or for any person, association, or corporation. The Louisiana Supreme Court ruled that Article 7, Section 14 is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalRisk Agency, 439 So.2d 399 (La. 1983).
Clearly, the Town of Ferriday may not pay the salary of the YMCA Director. The Town is in no way obligated to do so. Likewise, the Town is not obligated to provide labor for the operation of the YMCA and it may not, therefore, allow its employees to work for the YMCA while at the same time working for and being paid by the Town of Ferriday. To do either of these is tantamount to a donation of public funds and/or things of value, i.e., labor, which is expressly prohibited by the Constitution.
Article 7, Section 14 B of the Louisiana Constitution, which sets forth a number of exceptions to the disallowance of donations of public funds, specifically authorizes the use of public funds for programs of social welfare for the aid and support of the needy. Section 14B acts as an exception to the general prohibition of the donation of public funds. Our office has consistently opined that in order to avail itself of this exception, the state or one of its political subdivisions, i.e. the Town of Ferriday, must insure that there is some type of objective criteria to properly identify those who are needy. See Attorney General Opinions 00-174, 99-250 and 96-109. Thus, the Town of Ferriday may donate funds to the YMCA for use in a program for the needy citizens of the Town as long as there is some type of objective criteria used to establish those who are truly needed.
The Town of Ferriday is also considering providing office space to the YMCA. Again, the Town of Ferriday may not donate something of value, i.e., office space, when it is under no obligation to do so. The Town may charge a fee for the occasional use of publicly owned facilities. Although there is no statute which addresses this arrangement, we recommend that the Town prepare a standard agreement and that it be applied uniformly to applicants for use of the facility. The Town must comply with Louisiana's Public Lease Law, La.R.S. 41:1211, et seq., if it plans on leasing a specific area in the building for the exclusive use of the YMCA.
Although you did not mention the consideration of using public funds to implement a wellness and fitness program for your employees, please note that our office previously opined that public funds could be used for such purpose. Article 7, Section 14C authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with governmental agencies, public or private corporations and/or individuals. Our office has consistently opined that such a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and, it must result in a public benefit which is proportionate to its cost. See Attorney General Opinion 99-68. Thus, a publicly funded wellness and fitness program for Town employees must provide public benefits, i.e., a more healthy and productive workforce, which are reasonably proportionate to its cost. The Town of Ferriday may provide such a program to its employees through YMCA memberships. However, such a program and expenditure must be examined, on a case-by-case basis, in light of Article 7, Article 7, Section 14 of the Constitution. The Town may want to consider such an endeavor as a means of supporting the YMCA and benefiting the public as well. We recommend that the Town seek our opinion on such a program should it desire to do so.
If you have any questions or comments, please contact our office.
 With kindest regards, Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt